PATRICK H. CLAYTON, APPELLANT, v. CHARLES N. HARRIS, RESPONDENT.

REGISTRY ALLEGIANCE OATH UNCONSTITUTIONAL. The oath required by Section 5 of the registry law, (Stats. 1869, 141) "being in terms in addition to the qualificatiöns of an elector, which now are or hereafter may be prescribed by law," cannot be regarded as "a test of electoral qualification" within the meaning of the constitution, (Act II, Sec. 6) and is therefore unconstitutional.

LEGISLATIVE POWER AS TO RIGHT OF SUFFRAGE. The legislature can add no qualification as title to the right of suffrage to those prescribed by the constitution.

CONSTRUCTION OF ARTICLE II, SECTION 6, OF CONSTITUTION. Under Article II, Section 6, of the constitution, the legislature can prescribe what oath or oaths may be necessary as a test of electoral qualification, but it cannot impede or trammel the right of suffrage by adding new qualifications.

QUALIFICATIONS OF ELECTORS. Where it appeared, in a contested election case, that the successful candidate had been elected by votes of persons whose names had been put on the official register, though they had not taken the oath prescribed by the registry law, (Stats. 1869, 141): *Held*, that the oath could not be required, and that the votes were properly received.

APPEAL from the District Court of the Third Judicial District, Lyon County.

The facts are stated in the opinion of the court.

Clayton *v.* Harris.

*Clarke & Wells*, for Appellant.

I.　The oath is not in violation of the constitution.　It is not an additional qualification.　It does not require the elector to have something, to possess some physical, intellectual or moral attribute or quality : but to perform an act in every particular consistent with his conscience and duty.　The distinction between having a qualification and doing an act in proof of it, is too apparent for discussion.　The constitution and government of the United States are, in fact and law, parts of the constitution and government of the state of Nevada.　Art. I, Sec. 2, Const. Nev. ; Art. VI, Const. U. S.　In legal effect, therefore, the oath simply requires the elector to support and defend the constitution and government of the state of Nevada.　Has the sovereignty of the state fallen so low that it cannot require its citizen to take an oath of fealty to its constitution and government ?

II.　If our conclusions respecting the constitutionality of the oath are correct, we have left for consideration only the question, Was the fact that the elector's name was on the register at the time of voting conclusive of his right to vote ?　We say, No : " illegal votes " is a specific ground of contest.　The question was not and could not be passed upon by the registry agent judicially. He had no jurisdiction to determine it.

*R. S. Mesick*, for Respondent.

I.　The oath prescribed by the registry law superadds a condition of voting not contemplated by the constitution, and not within the power of the legislature to prescribe.

Registration is no element of qualifications as an elector, but is only evidence of the right to vote.　The persons whose votes are objected to had all the qualifications of voters, and their names are on the official register and the check list.

II.　The oaths are not prescribed by the legislature as tests of qualification, but are made by their terms qualifications in addition to those prescribed by the constitution.　Inasmuch as these oaths add conditions to the right of voting not contemplated by the constitution, they are void.　*Davis* v. *McKeeby*, 5 Nev. 369.

By the Court, WHITMAN, J. :

This case is an election contest for the office of district judge of the second judicial district. The election was held on the eighth day of November, 1870, and should have been conducted under the provisions of an act entitled " An act to provide for the registration of the names of electors, and to prevent fraud at elections," approved March 5th, 1869, so far as such were constitutional and valid.

The whole contest here is narrowed to one point : the correctness or otherwise of the action of the district court trying the cause, in excluding certain evidence, which ruling is assigned as error. As concisely stated by counsel for appellant, the matter stands thus : " The appellant offered to prove that persons voted for respondent whose names had been put on the official register without such persons having taken the oath prescribed by Section 5, Act March 5th, 1869," entitled as above, " and also that enough such persons voted for respondent to elect him." To this offer respondent objected upon the grounds : 1. That the appearance of the voter's name on the official register was conclusive. 2. That the oath was unconstitutional.

This objection was sustained by the court, the evidence excluded, and final judgment entered for respondent—whence this appeal.

The section of the act referred to, so far as it is in present point, reads thus : " Section 5. In addition to the qualifications of an elector, which now are or hereafter may be prescribed by law, every person applying to be registered shall, before he shall be entitled to have his name registered, take and subscribe the following oath or affirmation, which shall be administered by the registry agent, * * * I do solemnly swear (or affirm) that I will support, protect and defend the constitution and government of the United States against all enemies, either domestic or foreign, and that I will bear true faith, allegiance and loyalty thereto, any ordinance, resolution or law of any state or territory to the contrary notwithstanding." * * *.

The constitution of this state establishes the qualifications of voters, provides that they shall be registered, and " for the ascertainment by proper proofs of the persons who shall be entitled to

the right of suffrage, as hereby established, to preserve the purity of elections and to regulate the manner of holding and making returns of the same ; and the legislature shall have power to prescribe by law any other or further rules or oaths as may be deemed necessary as a test of electoral qualification."    Const. Art. II, Sec. 6. If, then, the portion of the oath quoted be prescribed as a " test of electoral qualification " it must stand, however unlikely so to act, as the legislature is the judge of what oath or oaths may be necessary as such test.    But the legislature has said that this oath shall be taken " in addition to the qualifications of an elector which now are or hereafter may be prescribed by law."    The natural interpretation of this language is that the oath is not applied as a test of electoral qualification, but as a qualification in addition to those already prescribed, or hereafter to be prescribed.    Here the legislature exceeded its power ; it can add no qualifications as title to the right of suffrage, to those prescribed by the constitution.

This is substantially admitted by appellant's counsel ; but he contends that this oath is no new qualification, but that the taking thereof is simply doing an act in proof of such qualification.    This position is opposed to the legislative declaration, if its language has been properly interpreted above ; but aside from that, it is difficult to see how the solemn sworn promise of a party as to his future action could possibly be proof of residence, citizenship or any other fact prescribed by the constitution as precedent to the right of suffrage.    As has been suggested, probably the adaptability of such proof, its fitness or unfitness to accomplish the object sought, could not be inquired into had the legislature indicated its opinion that the oath was necessary for such purpose ; but when the legislature, instead of so doing, has named it as an additional qualification, and when it is evident that no one could truthfully take such oath without the existence of a certain positive mental condition which, although laudable, is not made a constitutional prerequisite to the exercise of the right of suffrage, it follows that it must be deemed as by the legislature declared, an additional qualification.    The legislature in effect says to the person possessing all qualifications entitling him to registration and to vote, " you shall not occupy your rightful position as defined by the constitution, unless you, in

addition, promise for all future time to conduct yourself in a certain manner, and such promise so to act shall be and is a qualification precedent to voting."

This is unconstitutional ; the right of suffrage cannot be impeded or trammelled, save so far as the legislature may deem necessary as a test of electoral qualification.

The ruling of the district court was therefore right upon the second specification of objection.

This conclusion renders it unnecessary to examine the first.

The judgment is affirmed.

GARBER, J., did not participate in the foregoing decision.